UNITED STATES OF AMERICA
UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

_____

DANDRE ALEXANDER,

        Plaintiff,                     Case No. 2:16-cv-65

v.                                          Honorable Gordon J. Quist

DAVID ISARD, et al.,

        Defendants.
_____/

**OPINION**

This is a civil rights action brought by a state prisoner pursuant to 42 U.S.C. § 1983. The Court has granted Plaintiff leave to proceed *in forma pauperis*. Under the Prison Litigation Reform Act, PUB. L. NO. 104-134, 110 STAT. 1321 (1996), the Court is required to dismiss any prisoner action brought under federal law if the complaint is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief from a defendant immune from such relief. 28 U.S.C. §§ 1915(e)(2), 1915A; 42 U.S.C. § 1997e(c). The Court must read Plaintiff's *pro se* complaint indulgently, *see Haines v. Kerner*, 404 U.S. 519, 520 (1972), and accept Plaintiff's allegations as true, unless they are clearly irrational or wholly incredible. *Denton v. Hernandez*, 504 U.S. 25, 33 (1992). Applying these standards, the Court will dismiss Plaintiff's complaint for failure to state a claim against Defendants Michigan Department of Corrections (MDOC) and the State of Michigan. The Court will also dismiss Plaintiff's equal protection claims against all of the named Defendants. The Court will serve the complaint against Defendants Isard, LaLonde, Woods, and McLeod with regard to Plaintiff's Eighth Amendment failure to protect claims, and against Defendants Isard, LaLonde, and McLeod with regard to Plaintiff's retaliation claims.

## Discussion

I.   Factual allegations

Plaintiff Dandre Alexander, a state prisoner currently confined at the Chippewa Correctional Facility, filed this *pro se* civil rights action pursuant to 42 U.S.C. § 1983 against Defendants Deputy Warden David Isard, the State of Michigan, the Michigan Department of Corrections, David LaLonde, Kyle Woods, and Assistant Resident Unit Supervisor Gary McLeod. In his complaint, Plaintiff alleges that on December 22, 2013, while he was confined at the Chippewa Correctional Facility (URF), he was involved in a fight. Plaintiff was subsequently informed that there was a hit out on him for being involved in the fight. On January 1, 2014, Plaintiff informed Defendant Woods of the threat. Defendant Woods refused to inform anyone about the hit on Plaintiff.

On February 28, 2014, Plaintiff told Defendants Isard and LaLonde that there was a hit out on him and requested protection. Defendant Isard replied:

> I know you. I'm not doing you any favors and you need to back off healthcare. [Referring to a complaint that Plaintiff had pending against healthcare.] I'm going to make sure you stay in the Upper Peninsula. Stop complaining and maybe things will change.

*See* ECF No. 1, PageID.7. Defendant LaLonde agreed with Defendant Isard. Plaintiff stated that if he was released to the general population, he would be assaulted. Defendant Isard told him that he would be fine as long as he minded his own business. Defendant Isard also stated that he would send Plaintiff to C or D wing to ensure his safety, since Plaintiff had originally been confined on A wing. Plaintiff insisted that he would not be safe anywhere at URF. On March 10, 2014, Plaintiff executed an affidavit notarized by Defendant McLeod, which asserted that Defendants Isard and LaLonde were deliberately indifferent to Plaintiff's safety needs.

On March 12, 2014, Plaintiff was forced to move to Round Unit in the general population. Plaintiff states that on March 13, 2014, his cell mate asked if Plaintiff was the one who

had fought "the homie Cathead." Plaintiff did not respond, but heard a shout from the hallway stating, "You better hurry up and handle that or give back that tobacco." Plaintiff's cell mate then attacked him and knocked him to the floor, where he beat and stomped on Plaintiff for at least five minutes. Plaintiff was subsequently placed back in segregation. The attachments to Plaintiff's complaint show that he received a misconduct for fighting on March 13, 2014, and was found guilty of the misconduct on March 19, 2014. *See* ECF No. 1-1, PageID.18 - PageID.19.

On March 20, 2014, Defendants Isard and LaLonde changed Plaintiff's security level from a IV to a V. Plaintiff states that on April 15, 2014, Defendant McLeod increased Plaintiff's assault risk to very high in response to the misconduct ticket that Plaintiff received in relation to the March 13, 2014, assault. When Plaintiff complained that he was the victim of the assault, Defendant McLeod stated, "If you drop all the legal stuff, I'll make all this level stuff go away. Plaintiff told him that he would think about it. On April 18, 2014, Defendant McLeod asked Plaintiff if he had an answer for him, and Plaintiff stated that he did not know yet. Resident Unit Manager Dunton, who was also present, interjected, "We can get you closer to your family. Just stop pursuing our staff and we'll make that happen." Plaintiff did not respond. Defendant McLeod then stated that Plaintiff had had his chance and would be transferred to Marquette. On April 21, 2014, Plaintiff was transferred to Marquette Branch Prison.

Plaintiff states that Defendants violated his rights under the First and Eighth Amendments, as well as the Equal Protection Clause of the Fourteenth Amendment. Plaintiff seeks compensatory and punitive damages, as well as equitable relief.

II.     Failure to state a claim

A complaint may be dismissed for failure to state a claim if it fails "'to give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957)). While

a complaint need not contain detailed factual allegations, a plaintiff's allegations must include more than labels and conclusions. *Twombly*, 550 U.S. at 555; *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) ("Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice."). The court must determine whether the complaint contains "enough facts to state a claim to relief that is plausible on its face." *Twombly*, 550 U.S. at 570. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 679. Although the plausibility standard is not equivalent to a "'probability requirement,' . . . it asks for more than a sheer possibility that a defendant has acted unlawfully." *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 556). "[W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged – but it has not 'show[n]' – that the pleader is entitled to relief." *Iqbal*, 556 U.S. at 679 (quoting FED. R. CIV. P. 8(a)(2)); *see also Hill v. Lappin*, 630 F.3d 468, 470-71 (6th Cir. 2010) (holding that the *Twombly/Iqbal* plausibility standard applies to dismissals of prisoner cases on initial review under 28 U.S.C. §§ 1915A(b)(1) and 1915(e)(2)(B)(I)).

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege the violation of a right secured by the federal Constitution or laws and must show that the deprivation was committed by a person acting under color of state law. *West v. Atkins*, 487 U.S. 42, 48 (1988); *Street v. Corr. Corp. of Am.*, 102 F.3d 810, 814 (6th Cir. 1996). Because § 1983 is a method for vindicating federal rights, not a source of substantive rights itself, the first step in an action under § 1983 is to identify the specific constitutional right allegedly infringed. *Albright v. Oliver*, 510 U.S. 266, 271 (1994).

Initially, the court notes that Plaintiff may not maintain a § 1983 action against the Michigan Department of Corrections or the State of Michigan. Regardless of the form of relief requested, the states and their departments are immune under the Eleventh Amendment from suit

in the federal courts, unless the state has waived immunity or Congress has expressly abrogated Eleventh Amendment immunity by statute. *See Pennhurst State Sch. & Hosp. v. Halderman*, 465 U.S. 89, 98-101 (1984); *Alabama v. Pugh*, 438 U.S. 781, 782 (1978); *O'Hara v. Wigginton*, 24 F.3d 823, 826 (6th Cir. 1993). Congress has not expressly abrogated Eleventh Amendment immunity by statute, *Quern v. Jordan*, 440 U.S. 332, 341 (1979), and the State of Michigan has not consented to civil rights suits in federal court. *Abick v. Michigan*, 803 F.2d 874, 877 (6th Cir. 1986). In numerous unpublished opinions, the Sixth Circuit has specifically held that the MDOC is absolutely immune from suit under the Eleventh Amendment. *See, e.g.*, *McCoy v. Michigan*, 369 F. App'x 646, 653-54 (6th Cir. 2010); *Turnboe v. Stegall*, No. 00-1182, 2000 WL1679478, at *2 (6th Cir. Nov. 1, 2000). In addition, the State of Michigan (acting through the Michigan Department of Corrections) is not a "person" who may be sued under § 1983 for money damages. *See Lapides v. Bd. of Regents*, 535 U.S. 613 (2002) (citing *Will v. Mich. Dep't of State Police*, 491 U.S. 58 (1989)). Therefore, the Court dismisses the Michigan Department of Corrections and the State of Michigan.

Plaintiff makes a conclusory assertion that Defendants' conduct violated his equal protection rights. The Equal Protection Clause commands that no state shall "deny to any person within its jurisdiction the equal protection of the laws." U.S. CONST. amend. XIV, § 1. A state practice generally will not require strict scrutiny unless it interferes with a fundamental right or discriminates against a suspect class of individuals. *Mass. Bd. of Ret. v. Murgia*, 427 U.S. 307, 312 (1976). Plaintiff does not suggest that he is a member of a suspect class, and "prisoners are not considered a suspect class for purposes of equal protection litigation." *Jackson v. Jamrog,* 411 F.3d 615, 619 (6th Cir. 2005); *see also Wilson v. Yaklich,* 148 F.3d 596, 604 (6th Cir.1998).

Plaintiff does not identify the theory for his equal protection claim. As discussed, prisoners are not considered a suspect class. *Jackson,* 411 F.3d at 619. As a consequence, Defendants' conduct need only be rationally related to a legitimate governmental interest. *See*

*United States v. Kras*, 409 U.S. 434, 446 (1973); *Hampton v. Hobbs*, 106 F.3d 1281, 1286 (6th Cir. 1997).  To prove his equal protection claim, Plaintiff must demonstrate "intentional and arbitrary discrimination" by the state . . . and that there is no rational basis for the difference in treatment." *Vill. of Willowbrook v. Olech*, 528 U.S. 562, 564 (2000).

To the extent that Plaintiff alleges that he was treated differently from all other prisoners, he fails to state a claim under the "class-of-one" model.  To prove his class-of-one claim, Plaintiff must demonstrate "intentional and arbitrary discrimination" by the state; that is, he must demonstrate that he "has been intentionally treated differently from others similarly situated and that there is no rational basis for the difference in treatment." *Vill. of Willowbrook v. Olech*, 528 U.S. 562, 564 (2000).

Plaintiff's allegation of discriminatory treatment is wholly conclusory.  Conclusory allegations of unconstitutional conduct without specific factual allegations fail to state a claim under § 1983.  *See Iqbal*, 556 U.S. at 678; *Twombly*, 550 U.S. at 555.  Plaintiff alleges no facts suggesting that he was intentionally treated differently than any similarly situated person, nor has he identified such person.  Therefore, Plaintiff's equal protection claim is properly dismissed.

Plaintiff claims that Defendants Isard, LaLonde, Woods, and McLeod failed to take appropriate action to protect him from other prisoners in violation of the Eighth Amendment.  Plaintiff also claims that Defendants Isard, LaLonde, and McLeod were motivated by a desire to retaliate against Plaintiff for filing complaints against prison officials.  After carefully reviewing Plaintiff's allegations in this case, the court concludes that his Eighth Amendment and retaliation claims are non-frivolous and may not be dismissed on initial review.

## Conclusion

Having conducted the review required by the Prison Litigation Reform Act, the Court determines that Defendants Michigan Department of Corrections and State of Michigan will be

dismissed for failure to state a claim pursuant to 28 U.S.C. §§ 1915(e)(2) and 1915A(b), and 42 U.S.C. § 1997e(c). The Court will also dismiss Plaintiff's equal protection claims against all of the named Defendants. The Court will serve the complaint against Defendants Isard, LaLonde, Woods, and McLeod with regard to Plaintiff's Eighth Amendment failure to protect claims, and against Defendants Isard, LaLonde, and McLeod with regard to Plaintiff's retaliation claims.

An Order consistent with this Opinion will be entered.


Dated: May 6, 2016                              /s/ Gordon J. Quist
                                          GORDON J. QUIST
                                      UNITED STATES DISTRICT JUDGE