UNITED STATES OF AMERICA
UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

D'ANDRE ALEXANDER #731077,

    Plaintiff,

v.                                                               Case No. 2:16-cv-65
                                                              HON. GORDON J. QUIST
DAVID ISARD, et al.,

    Defendants.

    _____/

## REPORT AND RECOMMENDATION

Plaintiff filed a "Motion for a Temporary Restraining Order and a Preliminary Injunction." (ECF No. 41.) He complains that prison officials are retaliating against him because of his pending lawsuits. Plaintiff was previously housed at Macomb Correctional Facility (MRF). On June 7, 2017, Plaintiff was transferred to Marquette Branch Prison (MBP) in order to attend an evidentiary hearing at the Marquette federal courthouse. After the hearing, Plaintiff was transferred to Chippewa Correctional Facility (URF). Plaintiff now complains that prison officials are keeping him at a level-four security prison despite his level-two classification. He alleges that prison officials are violating MDOC policy and refuse to transfer him to a level-two security prison until he drops the lawsuits. He further alleges that prior to his transfer to URF, he had not had a misconduct ticket since 2015, but has been issued two false misconduct tickets at URF.

The issuance of preliminary injunctive relief is committed to the discretion of the district court. See *Ne. Ohio Coal. v. Blackwell*, 467 F.3d 999, 1009 (6th Cir. 2006); *Planned Parenthood Association v. City of Cincinnati*, 822 F.2d 1390, 1393 (6th Cir. 1987). In exercising that discretion, the court must consider and balance four factors:

1. Whether the movant has shown a strong or substantial likelihood or probability of success on the merits.

2. Whether the movant has shown irreparable injury.

3. Whether the preliminary injunction could harm third parties.

4. Whether the public interest would be served by issuing a preliminary injunction.

*Washington v. Reno*, 35 F.3d 1093 (6th Cir. 1994). The same four-factor analysis applies to a motion for temporary restraining order. *See Chabad of S. Ohio & Congregation Lubavitch v. City of Cincinnati*, 363 F.3d 427, 432 (6th Cir. 2004). These factors are not prerequisites to the grant or denial of injunctive relief, but factors that must be carefully balanced by the district court in exercising its equitable powers. *Id.* "Moreover, a district court is not required to make specific findings concerning each of the four factors used in determining a motion for preliminary injunction if fewer factors are dispositive of the issue." *Jones v. City of Monroe*, 341 F.3d 474, 476 (6th Cir. 2003).

In addition, where a prison inmate seeks an order enjoining state prison officials, this Court is required to proceed with the utmost care and must recognize the unique nature of the prison setting. *See Kendrick v. Bland*, 740 F.2d 432 at 438, n.3, (6th Cir. 1984). *See also Harris v. Wilters*, 596 F.2d 678 (5th Cir. 1979). It has also been remarked that a party seeking injunctive relief bears a heavy burden of establishing that the extraordinary and drastic remedy sought is appropriate under the circumstances. *See Checker Motors Corp. v. Chrysler Corp.*, 405 F.2d 319 (2d Cir. 1969), *cert*. *denied*, 394 U.S. 999 (1969). *See also O'Lone v. Estate of Shabazz*, 482 U.S. 342 (1986).

Plaintiff's "initial burden" in demonstrating entitlement to preliminary injunctive relief is a showing of a strong or substantial likelihood of success on the merits of his Section 1983

action. *NAACP v. City of Mansfield, Ohio*, 866 F.2d 162, 167 (6th Cir. 1989). Here, Plaintiff has not met his initial burden to show a substantial likelihood of success on the merits. Plaintiff has merely made allegations against Defendants. These allegations are essentially new claims. Notably, Plaintiff alleges that he is being retaliated against by Jeffrey Clark, who is not a defendant in this case. Plaintiff implicitly acknowledges this fact by referring to Mr. Clark as a "future defendant Jeffrey Clark." Plaintiff must exhaust his administrative remedies before bringing these claims in federal court. He cannot avoid the prison grievance procedure by seeking injunctive relief in a case that is already pending.

In addition, in the context of a motion impacting on matters of prison administration, the interests of identifiable third parties and the public at large weigh against the granting of an injunction. Any interference by the federal courts in the administration of state prison matters is necessarily disruptive. The public welfare therefore militates against the issuance of extraordinary relief in the prison context, absent a sufficient showing of a violation of constitutional rights. *See Glover v. Johnson*, 855 F.2d 277, 286-87 (6th Cir. 1988). Here, Plaintiff's request is extraordinary because he seeks to have the Court to interfere with the MDOC's security classification and placement of prisoners. *See Jones v. Metzger*, 456 F.2d 854, 855 (6th Cir. 1972) ("[C]ourts, especially federal courts, should be reluctant to become involved in the internal administration of state prisons."). Plaintiff has not made a sufficient showing to warrant injunctive relief.

Because plaintiff has failed to meet the heavy burden establishing the need for injunctive relief, the undersigned recommends that plaintiff's motion for injunctive relief (ECF No. 35) be denied.

NOTICE TO PARTIES:  Objections to this Report and Recommendation must be served on opposing parties and filed with the Clerk of the Court within fourteen (14) days of receipt of this Report and Recommendation.  28 U.S.C. § 636(b)(1)(C); Fed. R. Civ. P. 72(b); W.D. Mich. LCivR 72.3(b).  Failure to file timely objections constitutes a waiver of any further right to appeal. *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981).  *See also Thomas v. Arn*, 474 U.S. 140 (1985).

Dated:  August 3, 2017

      /s/ Timothy P. Greeley
TIMOTHY P. GREELEY
UNITED STATES MAGISTRATE JUDGE